Nott, J.
delivered the opinion of the Court.
It is not necessary to the present case, to enter into a discussion of the difficult and doubtful question, as to what contracts of an infant are void, or only voidable, and may. or may not be af-affirmed, indirectly, after he attains full age. It will be sufficient for the present purpose, to lay it down as a general rule, suppos *31 ing the bond in question to be voidable only, and capable of indirect confirmation, that a confirmation must consist of some act by which the party recognizes its legal existence and binding efficacy : As where one had, during infancy, given or accepted a lease, and had paid or received rent after he attained maturity. Bingham on Inf. 66. Com. Dig. Tit. Enfant, C. 6, Amer. Ed. and it would seem that a naked declaration is not a sufficient affirmation, but that it must be accompanied by some act indicative of his assent to be bound by it; as was ruled in the case of Jackson ex dem Brayton et al, v. Burchin, 14th Johns. Rep. 124.
Moore®. Mil-.^Coates, cited in Harper 8 Eq Rep. 195, and see 354 oilns'
A possession of lands, under a bond to make titles or other equitable title, has been repeatedly adjudged, and is universally regarded as a good statutory title; and under this rule, the pos- • „ , r „ , \ y session or the defendant, under the bond of 1810, up to the commencement of this action, is clearly a bar to any claim which Campbell and wife have in these lands; and I apprehend that the designation of the defendant as administrator, in the lease of 1825, could not, by any possibility, revest the title in jhem: Whatever may have been the motive for adopting it, the defendant paid the consideration for the renewal of the lease, and if he had even taken the lease in the name of another, according to well settled principles, the right enured to him by way of resulting trust, so that .the supposed intermeddling was with his own, and not the estate of the intestate.
In addition to the motion for a new trial, the defendant also moves in arrest; but that course is only admissible when it appears from the case on the record, that the plaintiff is not entitled to recover. But here, if the facts stated by the plaintiff, be assumed as true, he would be entitled to recover. It is very apparent, however, from the facts before us, that the plaintiff can never succeed in his action, and in mercy to the parties, the Court is disposed to put an end to this litigation, and, therefore, a non-suit is ordered.
Nonsuit ordered.